IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RANDALL R. PETERS, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | and |
| | ) | **DEMAND FOR JURY** |
| LEAGUE ASSOCIATION OF RISK | ) | |
| MANAGEMENT, DAVID BOS, in his | ) | |
| individual and official capacities, THE CITY | ) | |
| OF NORFOLK, NEBRASKA, JOSH | ) | |
| MOENNING, in his individual and official | ) | |
| capacities, and ANDREW COLVIN, in his | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, by and through his attorney, and for his causes of action against the Defendants states as follows:

1. This is an action seeking redress for the violation of constitutionally and statutorily protected rights guaranteed to the Plaintiff by the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.

2. Plaintiff is a resident of the State of Nebraska.

3. Defendant League Association of Risk Management (hereinafter LARM) is a political subdivision operating within the State of Nebraska. LARM is a risk management pool organized pursuant to the Intergovernmental Risk Management Act (hereinafter IRMA) (see Neb. Rev. Stat.§§44-4301 through 44-4339). The statute upon which LARM is organized recognizes that "all financial and administrative resources made by state and local governmental agencies pursuant to an agreement authorized by

1

the Intergovernmental Risk Management Act are made for a public and governmental purpose." Neb. Rev. Stat. §44-4301.   LARM complies with Nebraska's Open Meeting Law and has the authority to levy monetary assessments upon its political subdivision members. (See Neb.Rev.Stat. §44-4312(1)).  "All bonds issued by LARM are declared to be issued for an essential public and governmental purpose and, together with interest thereon and income therefore, shall be exempt from all taxes."  (See Neb. Rev. Stat. §44-4337(1):

  4. At all times alleged, Defendant David Bos, who is sued in his individual and official capacities, was the Executive Director of LARM.    At all times alleged herein, Defendant Bos was acting in his official and individual capacities and in the scope and course of his employment with LARM.

  5. Defendants Bos and LARM's Board of Directors jointly possessed final decision-making authority with respect to the unlawful actions described herein.

  6. Defendant City of Norfolk, Nebraska is a political subdivision located in Madison County, Nebraska.   Defendant City of Norfolk, Nebraska is the second largest member of LARM, a substantial financial contributor to LARM, and a charter member as well.

  7. At all times alleged, Defendant Josh Moenning, who is sued in his individual and official capacities, was the Mayor of the City of Norfolk, Nebraska and was a member of LARM's Board of Directors.  As Mayor of the City of Norfolk, Nebraska, Defendant Moenning has the superintending control of all the officers and affairs of the City and must ensure that the ordinances of the City of Norfolk and provisions of law relating to the City are complied with and has the power to veto any

ordinance, by-law, resolution, contract, or the allowance of any claim. Defendant Moenning had final policy making authority for the City of Norfolk, Nebraska. At all times alleged herein, Defendant Moenning was acting in his official and individual capacities and in the scope and course of his elected position as Mayor of the City of Norfolk, Nebraska.

8. At all times alleged, Defendant Andrew Colvin was employed as the City Administrator for the City of Norfolk, Nebraska. At all times alleged herein, Defendant Colvin was acting in his official and individual capacities and in the scope and course of his employment with the City of Norfolk, Nebraska.

9. This Court has original jurisdiction over the federal statutory and constitutional claims pled herein.

10. Plaintiff was employed by Defendant LARM as a loss control specialist from January 2018 through November 10, 2022.

11. On or about November 3, 2022, the Norfolk Daily News, a news organization operating in Northeast Nebraska, published in its newspaper a letter authored by Plaintiff which criticized a sales tax ballot initiative that was on the November 8, 2022 general election ballot in Norfolk, Nebraska. Plaintiff's published letter encouraged voters to vote NO on the sales tax ballot initiative.

12. Plaintiff's published letter also criticized Defendant Moennig and a Norfolk City Councilmember, Rob Merrill, for supporting the sales tax ballot initiative and for threatening to raise the property taxes of Norfolk homeowners if the ballot initiative failed in the November 8, 2022 election. Plaintiff's published letter also

criticized Defendant Moenning for failing to properly maintain public streets and facilities within the City of Norfolk, Nebraska.

13.    Plaintiff was acting as a private citizen when he spoke on matters of significant public importance and concern by and through the publication of his November 3, 2022 letter in the Norfolk Daily News.

14.    Plaintiff's right to free speech involving matters of public concern or importance was clearly established at the time his letter was published in November 2022 and the contours of those rights were sufficiently clear that a reasonable official would understand what s/he is doing violates those rights.  See Pickering v. Board of Educ., 391 U.S. 563, 572 (1968).

15.    On November 4, 2022, the day following the publication of Plaintiff's letter, Defendant Bos texted Plaintiff and told him he was under investigation.  Shortly after receiving the text message, Plaintiff called Defendant Bos and was told by Bos that he (Bos) had been on the telephone all morning with Defendant Moenning and Defendant Colvin regarding Plaintiff's letter and that Defendants Bos, Moenning, and Colvin agreed that Plaintiff would no longer be effective in his position with LARM as Plaintiff had damaged the relationship with City of Norfolk and the City's officials and employees, that if Plaintiff was the type of employee that LARM had on its staff then the City of Norfolk may have to withdraw from LARM, and that Defendant City of Norfolk may withdraw its membership in LARM if Plaintiff wasn't fired.   Other matters were discussed during this communication and other communications but are not specifically set forth herein.

16. On November 10, 2022, Plaintiff was fired for pretextual reasons with the true reason being his engagement in constitutionally protected free speech. Upon information and belief, Defendants Bos and LARM decided to terminate the Plaintiff's employment at the direction of Defendants Moenning and Colvin. At the time of the illegal actions, Defendant Moenning, as Mayor of the Defendant City of Norfolk, Nebraska, was superintending control of all the officers and affairs of the City of Norfolk.

17. During a November 10, 2022 telephone call with Plaintiff, Defendant Bos attempted to cover up Defendants' alleged unconstitutional acts by denying that he had spoken and/or conspired with Defendant Moeninng or conspired with Colvin regarding Plaintiff's protected speech or Plaintiff's continued employment with LARM. These statements are in direct contradiction to the statements Defendant Bos made to Plaintiff on November 4, 2022 as more fully described in ¶15 above.

18. A meeting of the minds existed between the Defendants to violate Plaintiff's clearly established First Amendment rights when Plaintiff's employment with LARM was terminated following the publication of his letter in the Norfolk Daily News on November 3, 2022. Plaintiff was punished for his constitutionally protected speech in a manner that would chill a person of ordinary firmness from continuing to engage in the activity in which Plaintiff engaged.

19. As described herein, the Defendants conspired with each other to deprive Plaintiff of his statutorily and constitutionally protected rights and acted in furtherance of the object of the conspiracy by terminating Plaintiff's employment with LARM. The conspiracy was based upon Plaintiff's participation in protected free speech arising out of the publication of his November 3, 2022 letter in the Norfolk Daily News.

20. Plaintiff, as a public employee, maintained a substantial property right in his continued employment with LARM.

21. Defendants LARM and Bos violated Plaintiff's Fourteenth Amendment rights, as raised through 42 U.S.C. §1983, when said Defendants terminated Plaintiff's employment by denying him notice of the allegations, a meaningful opportunity to be heard, and due process of law prior to being terminated from LARM's employment.

22. Discovery will reveal whether all Defendants engaged in conduct, to-wit: a conspiracy to deprive Plaintiff of his Fourteenth Amendment Rights to notice and due process.

23. Defendants acted with a callous or reckless indifference to Plaintiff's statutory and constitutional rights. Punitive damages against the individually named defendants are appropriate.

24. As a result of Defendants' actions, Plaintiff has suffered injuries, including, but not limited to: past, present, and future, mental suffering, humiliation, inconvenience, emotional and mental anguish and distress, lost wages and the value of job related benefits, future lost income and the value of job related benefits, damage to reputation, and other special and general damages as allowed under law.

## COUNT I

Plaintiff incorporates herein by reference paragraphs 1 through 24.

25. All Defendants violated Plaintiff's First Amendment Rights, as raised through 42 U.S.C. §1983.

26. Plaintiff has suffered damages as a result of Defendants' alleged illegal conduct, including, but not limited to past, present, and future, mental suffering,

humiliation, inconvenience, emotional and mental anguish and distress, lost wages and the value of job related benefits, future lost income and the value of job related benefits, damage to reputation, and other special and general damages as allowed under law.

27. Punitive damages against Defendant Bos in his individual capacity are appropriate due to his callous disregard and/or deliberate indifference to Plaintiff's constitutional rights.

## COUNT II

Plaintiff incorporates herein by reference paragraphs 1 through 27.

28. Defendants LARM and Bos violated Plaintiff's Fourteenth Amendment rights, as raised through 42 U.S.C. §1983, by terminating Plaintiff without notice or due process of law.

29. Plaintiff has suffered damages as a result of Defendants' alleged illegal conduct, including, but not limited to past, present, and future, mental suffering, humiliation, inconvenience, emotional and mental anguish and distress, lost wages and the value of job related benefits, future lost income and the value of job related benefits, damage to reputation, and other special and general damages as allowed under law.

30. Punitive damages against Defendant Bos in his individual capacity are appropriate due to his callous disregard and/or deliberate indifference to Plaintiff's constitutional rights.

## COUNT III

Plaintiff incorporates herein by reference paragraphs 1 through 30.

31. All Defendants conspired to violate Plaintiff's constitutionally protected First Amendment rights in violation of 42 U.S.C. 1983.

32. Plaintiff has suffered damages as a result of Defendants alleged illegal conduct, including, but not limited to past, present, and future, mental suffering, humiliation, inconvenience, emotional and mental anguish and distress, lost wages and the value of job-related benefits, future lost income and the value of job related benefits, damage to reputation, and other special and general damages as allowed under law.

33. Punitive damages against Defendants Bos, Moenning, and Colvin, in their individual capacities, are appropriate due to their callous disregard and/or deliberate indifference to Plaintiff's constitutional rights.

WHEREFORE, Plaintiff respectfully requests that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

a. Declare Defendants' conduct to be violative of Plaintiff's rights under the appropriate federal statutes or U.S. Constitution;

b. Award Plaintiff lost wages and the value of job-related benefits;

c. Reinstate Plaintiff to his previously held position or in the alternative, award Plaintiff front pay, and the value of future lost job-related benefits;

d. Award Plaintiff past, present, and future compensatory damages;

e. Award the Plaintiff pre- and post-judgment interest and an appropriate amount to offset taxes incurred as a result of the verdict;

f. Award Plaintiff punitive damages against the individually named defendants acting in their individual capacities;

g. Enjoin the Defendants from engaging in any further illegal actions against the Plaintiff;

h. Award the Plaintiff attorney's fees and costs;

     i.     Award the Plaintiff such other and further relief as the Court deems just and reasonable and appropriate to correct the wrongs done to the Plaintiff.

BY: s/Kathleen M. Neary
Bar Number: 20212
Attorney for Plaintiff
Powers Law
411 South 13th Street, Suite 300
Lincoln, NE 68508
Telephone: (402) 474-8000
Fax: (402) 474-5006
kathleen@vpowerslaw.com

DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury in Lincoln, Nebraska.

s/Kathleen M. Neary
Kathleen M. Neary   NSBA 20212